JUSTICE MUNDY, concurring
I agree that under this Court's rationale in Commonwealth v. Chmiel , ---Pa. ----, 173 A.3d 617 (2017), the PCRA court's order in this case was incorrect and Appellant's petition was timely filed. We held in Chmiel that an April 2015 FBI press release, stating that certain hair microscopy expert testimony from the FBI's own experts was flawed, qualified as a newly-discovered fact for the purposes of 42 Pa.C.S. § 9545(b)(1)(ii). Id. at ----, 173 A.3d 617 (Opinion of Wecht, J.). This was the case even though the expert who testified at trial was employed by the Pennsylvania State Police, the FBI had no direct involvement in the case, and the defendant produced no evidence that the FBI had trained the state expert who testified at trial.
For all the reasons set forth in my dissent in Chmiel , I continue to believe this Court's rationale was flawed. See id. at ---- - ----, 173 A.3d 617 (Mundy, J., dissenting). Specifically, I remain skeptical that "the FBI's agreement with [a defendant] as to [erroneous scientific testimony] is an essential factual predicate to a legal claim for relief in a case where the FBI was not involved." Id. at ----, 173 A.3d 617 (Mundy, J., dissenting); see also 42 Pa.C.S. § 9545(b)(1)(ii) (stating that a PCRA petition is deemed timely if "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence") (emphasis added). Nevertheless, as Chmiel is now the law of this Commonwealth, I recognize that its rationale applies equally to Appellant in this case. I therefore join the Court's order.